**Tax Review Board v. Reynolds & Co.**

*Leonard Rosenthal,* Assistant City Solicitor, for City of Philadelphia.

*Daniel Murphy,* for appellant.

CHALFIN, J., September 19, 1974.—The above-captioned case came before us on an appeal by Reynolds and Company from a decision of the Tax Review Board of Philadelphia on February 21, 1974, which denied Reynolds and Company's petition to review mercantile license tax assessments and held that company liable for Philadelphia mercantile license tax in the amount of $8,759.15 for 11 months of 1970 and $6,095.10 for eight months of 1971.

Briefs were submitted by both counsel and oral argument was held on July 1, 1974. The case was then taken under advisement. After consideration of both briefs and oral argument, we hold that the Tax Review Board was correct in concluding that Reynolds and Company was liable for the mercantile tax imposed by the City of Philadelphia. We remand to the Tax Review Board to make a finding of fact as to the period for which Reynolds was liable for the tax, such determination to be consistent with (the "Retroactivity" section of) this memorandum.

The facts of the case are as follows:

On September 15, 1972, the Department of Revenue of Philadelphia sent Reynolds and Company, a stockbrokerage partnership in dissolution, notice of assess-

ment for the mercantile license tax for February 1, 1970, through August 31, 1971. The date of February 1, 1970 was selected by the City Solicitor's office, because Philadelphia Tax Review Board v. Smith, Kline and French Laboratories, 437 Pa. 197, 262 A. 2d 135 (1970), had been decided on February 4, 1970, and the city contended that the decision put Reynolds and Company on notice of its liability for the mercantile license tax. The city assessed the tax for 11 months of 1970 at $8,759.15 and for eight months of 1971, at $6,095.10. The assessment period ended on August 31, 1971, since, on that date, Reynolds stopped doing business as a partnership and transferred most of its assets and liabilities to a successor corporation.

On November 10, 1973, Reynolds and Company petitioned the Tax Review Board of Philadelphia for review of the assessment. The petition was heard on January 4, 1974; on February 21, 1974, the Tax Review Board denied Reynolds' petition. In denying the petition, the Tax Review Board found that Reynolds and Company had acted in good faith and, therefore, that no penalty should be levied if the tax was paid within 30 days of the board's decision. Reynolds and Company did not pay and filed its appeal in the Court of Common Pleas on March 21, 1974, and a writ of certiorari issued to the Tax Review Board.

Three issues have been raised and argued on this appeal. The primary issue is whether the Sterling Act of August 5, 1932, P. L. 45, sec. 1, as amended, 53 PS §15971(a), precludes the City of Philadelphia from imposing a mercantile license tax on Reynolds and Company, a stockbrokerage partnership in dissolution, when that partnership pays a fee to the Pennsylvania Securities Commission. The second issue is whether the decision in Philadelphia Tax Review Board v. Smith, Kline and French Laboratories, supra, decided

February 4, 1970, was adequate notice to Reynolds and Company that they would be liable for the Philadelphia mercantile license tax beginning on February 1, 1970. The last issue is whether Reynolds and Company is responsible for interest and penalties, since the company failed to pay the mercantile license tax within 30 days of the decision of the Tax Review Board.

1. We recognize that the language of the Sterling Act, supra, refers specifically to a license fee as an exception to the city's power to tax. We believe, however, as Mr. Justice Roberts stated in Philadelphia Tax Review Board v. Smith, Kline and French Laboratories, supra, that the legislative intent of the Sterling Act, i.e., to prevent double taxation, however inartfully stated, must take precedence over the desire of the courts to solve any conflicts in taxation that they are faced with by an artificial determination of the definition of "license fee".

The definition of "license fee" has been held to be determinative of the problem of taxation conflict, no other language of the Sterling Act has been so scrutinized. The term has been interpreted differently by each court that has dealt with the Sterling Act. The fee has been called "a fee enacted to provide for the cost of registration or regulation" in National Biscuit Company v. Philadelphia, 374 Pa. 604 (1953). Without explicitly overruling the National Biscuit case, the court in Philadelphia Tax Review Board v. Smith, Kline and French Laboratories, 437 Pa. 197 (1970), in an opinion by Mr. Justice Cohen, said that the legislature did not mean to say "license fee" in the Sterling Act; rather, it really meant to say "revenue producing measure".

The Sterling Act provides as follows:

"The council of any city of the first or second class

shall have the authority by ordinance . . . to levy, assess and collect, or provide for the levying, assessment and collection of, such taxes on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city of the first or second class, as it shall determine, except that such council shall not have authority to levy, assess and collect, or provide for the levying, assessment and collection of, any tax on a privilege, transaction, subject or occupation or on personal property which is now or may hereafter become subject to a *State tax or* license fee." (Emphasis supplied)

It is clear from the language of the act that the tax of the city and State must each be on the same transaction, occupation, etc., in other words, on the same base, in order for the city to be prohibited from taxing. If the tax is on the same base, only then does the term "license fee" need to be analyzed and defined.

Justice Roberts suggests in his opinion in Philadelphia Tax Review Board v. Smith, Kline and French Laboratories, supra, and we agree, that in any case in the nature of the one at bar, an initial determination must be made as to whether double taxation has occurred. The question, therefore, is whether taxation by the State and city are determined on the same base, i.e. if they are both based on the same occupation, transaction, etc.:

"The purpose of the Sterling Act is to prohibit double-taxation, that is, to avoid a situation where two governmental units, the state and its political subdivision, are seeking revenue from a tax or license fee on the same base. We have never held, however, that merely because a business is taxed on a certain aspect of its operations by the Commonwealth, that it cannot therefore be taxed on a different aspect by the city": Id. at 204.

Once that determination is reached, only then should there be a determination of what constitutes a "license fee".

"I must note, however, that I do not feel it necessary to reach the difficult question of what is a 'license fee', for I would first compare the so-called 'license fee' imposed by the Commonwealth with the tax imposed by the city. If they both fall on precisely the *same* 'privilege, transaction, subject or occupation,' then, and only then, do we need reach the question of the proper definition of a 'license fee.' " Id. at 203.

The initial question which must be determined in the case at hand is whether there is double taxation.

We conclude that there is none; each tax has a different base. The Philadelphia mercantile tax imposes a levy on gross receipts, while the State Securities Act taxes a brokerage company based on the number of dealers, salesmen and investment advisers. This differing base of taxation obviates the double taxation problem; hence, the determination of whether the Securities Act provides for a license fee is irrelevant.

II. The second issue involves the date when Reynolds and Company became liable to pay the Philadelphia mercantile tax. The City Solicitor argues, and the Tax Review Board found, that Reynolds was liable from February 1, 1970, because the Smith, Kline and French case was adequate notice to Reynolds and Company that they would thereafter be liable for the Philadelphia mercantile tax. The city and the Tax Review Board cite as their authority for the aforementioned proposition Abbotts Dairies v. Philadelphia, 436 Pa. 131, 258 A. 2d 634 (1969).

We disagree and hold that the opinion in Smith, Kline and French was not adequate notice, since there were two, seemingly contradictory, plurality opinions delivered by the court. It is conceivable that if one

relied upon Justice Cohen's opinion, a different result could be reached than if one relied on Justice Robert's opinion. Even if Reynolds were apprised of the decision in Smith, Kline and French, a pharmaceutical firm, they were not assured that the city would levy against them, a stockbrokerage partnership.

In the Abbotts case there was formal, actual notice by the city in 1966 to Abbotts that the 1953 injunction against collection of mercantile tax was invalid based on recent Supreme Court decisions. The Abbotts court held that there was tax liability only from 1966, not retroactive liability to 1953. The 1966 date was determinative, because Abbotts had notice in that year that the city was attempting to modify the order in the Abbotts case itself.

The delay in the actual notice of tax assessment here, seven months after the Smith, Kline and French decision is unexplained by the City. Actual notice was certainly possible immediately subsequent to the Smith, Kline and French decision in February 1970, yet, such notice was not attempted until seven months later. Considering the vagueness of the Sterling Act and the vagueness of the decisions following it, discussed infra and the laches of the City of Philadelphia in waiting seven months to provide actual notice, it would be both inequitable and a denial of due process to charge Reynolds and Company with mercantile tax liability before actual notice of their liability was received. This is so particularly since tax liability was not assessed against any stockbrokers in 1970 and 1971: Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957).

This case should, therefore, be remanded to the Tax Review Board of Philadelphia to make a finding of fact as to when there was actual notice to Reynolds and Company of its tax liability. Then, the Tax Review

Board should recompute the tax to determine the amount due.

III. Neither penalties nor interest should be assessed against Reynolds and Company. To assess penalties and interest for not paying the tax within 30 days of the decision of the Tax Review Board would, in fact, be penalizing Reynolds and Company for taking an appeal, thereby denying that company its due process rights.

Having decided the particular issue before us, we are constrained to make the following observation, about which we feel strongly. The plethora of problems presented by this case are illustrative of the unfortunately vague nature of the Sterling Act. The Sterling Act uses the terms "state tax or license fee", but it never defines what is meant by "state tax or license fee". The act also fails to specifically enunciate the intent of the legislation, leaving the purpose of the act to judicial speculation. The lack of enunciated purpose and the inept attempt to define a prohibition on double taxation border on rendering the Sterling Act unconstitutionally void for vagueness. The various attempts at definition of license fee, including the circumlocution of Justice Cohen's opinion in Smith, Kline and French which defines license fee as not a license fee, point up the vague quality of the legislation.

Rather than holding the "revered" and often linguistically abused Sterling Act unconstitutional, we respectfully urge the legislature to repeal or amend that legislation so as to obviate its myriad deficiencies.

## ORDER

And now, September 19, 1974, it is hereby ordered and decreed that the appeal in the above-captioned case is denied.

It is further ordered that this case be remanded to the Tax Review Board of the City of Philadelphia for (1) a finding of fact as to the date that Reynolds and Company received actual notice of their tax liability, that determination to be made consistent with this opinion, and (2) a recomputation of Reynolds and Company's tax liability, without any assessment for interest and penalties.